**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALEXANDER MCARTHUR | : | NO.: 3:20-cv-00967 (SRU) |
| | : | |
| v. | : | |
| | : | |
| DARYL CARGIL, NEW HAVEN POLICE DEPARTMENT AND THE CITY OF NEW HAVEN | : : : | JULY 12, 2021 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF F.R.C.P. 12(b)(6) MOTION TO DISMISS</u>**

The undersigned defendants hereby file their F.R.C.P. 12(b)(6) Motion to Dismiss the plaintiff's May 19, 2021 Amended Complaint [Doc. 24], *with prejudice*. As detailed below, the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, as the claims are *prima facie* time-barred on the face of the complaint.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The pro se plaintiff filed the subject suit on July 13, 2020 [Doc. 1]. On May 5, 2021, the undersigned defendants filed a motion for more definite statement [Doc. 18]. On May 6, 2021 the Court granted the defendants' motion for more definite statement and ordered the plaintiff to file an amended complaint by May 27, 2021 [Doc 19]. On May 19, 2021, the pro se plaintiff filed his Amended Complaint [Doc. 24].

In his amended complaint, the plaintiff alleges a "[s]exual assault that transpired in the year of 1997. [When he] was 15 years old." He alleges that, "Daryl Cargil, drove on Truman St., of New Haven, where [he] was standing on the corner of – Truman St. and Washington St., trying to find a friend's house." He also alleges that Cargil "pulled over and parked on the side of [him] . . . [and he] walked to the police vehicle, on the right side, and looked inside the police vehicle and said, 'Excuse me, where is Truman St.'" He then alleges that [Cargil] exited his police vehicle and physically assaulted

[him]. Finally, he alleges that "Daryl Cargil arrested [him] that evening for Disorderly Conduct."

The plaintiff's amended complaint also alleges that "[s]hortly after [his] release, Daryl Cargil saw [him] walking to [his] lonisome [sic.], this time, [he] was enjoying [his] release." He further alleges that "Daryl Cargil arrested [him] for another arrest under false pretense . . . [,which] . . . was for . . . Disorderly Conduct. He alleges that "[s]hortly after [he] was release[d] of having been falsely arrested by Daryl Cargil, Daryl Cargil arrested [him] for the 3rd time." Finally, he alleges, "Daryl Cargil sexual assaulted [him] on [his] 'third arrest,' charged [him] with littering and disorderly misconduct" and then "never saw Daryl Cargil again."

## II.     LEGAL ARGUMENT

### A.     LEGAL STANDARD

F.R.C.P. 12 (b) states, "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the material facts as alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (citing *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  When adjudicating a motion to dismiss under Rule 12(b)(6), the court considers not only the well-pleaded allegations of the complaint but documents incorporated by reference and "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); see *Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 382-83 (S.D.N.Y. 2020).

The Court is obligated to construe *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest.  See *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). This obligation "is especially true when dealing with *pro se* complaints alleging civil rights violations."  *Weixel*, 287 F.3d at 146; see *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).  However, while the Court construes *pro se* pleadings liberally, this does not relieve *pro se* plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570. Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure.  *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); see *Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that *pro se* litigants allege sufficient facts to indicate deprivation of a constitutional right).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citation

omitted); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss."). If it appears from a complaint that the claims are *prima facie* time-barred, the burden is on the plaintiff to "plausibly alleg[e] that they fall within an exception to the applicable statute of limitations." *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 436 (S.D.N.Y. 2014) (citing cases).

In Connecticut, the three-year limitations period set forth in Conn. Gen. Stat. § 52–577 is applicable to claims asserted under section 1983. See Lounsbury v. Jeffries, 25 F.3d 131, 132-34 (2d Cir. 1994) ("Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations.").

### B. THE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED, AS IT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

In his amended complaint, the plaintiff alleges actions that took place approximately 23 years ago. First, he alleges, "[s]exual assault that transpired in the year of 1997. [When he] was 15 years old." He also alleges that "Daryl Cargil arrested [him] that evening for Disorderly Conduct." Therefore, since the alleged sexual assault and arrest occurred in 1997, the statute of limitations to bring a 42 U.S.C. § 1983 action based upon those actions would have run in the year 2000. However, the plaintiff's complaint was not filed until July, 2020, twenty years after the statute of limitations had run. Accordingly, the plaintiff fails to state a claim upon which relief could be granted, as it is barred by the applicable statute of limitations.

The plaintiff's Amended Complaint alleges additional encounters and arrests with Cargil.  However, the plaintiff's Amended Complaint fails to indicate the dates upon which any of those encounters and/or arrests occurred.  Instead, he continually indicates that they occurred "shorty after [his] release."  Specifically, he alleges that ***"[s]hortly after [his] release,*** Daryl Cargil saw [him] walking to [his] lonisome [sic.], this time, [he] was enjoying [his] release." (emphasis added).  He also alleges that ***"[s]hortly after [he] was release[d]*** of having been falsely arrested by Daryl Cargil, Daryl Cargil arrested [him] for the 3rd time." (emphasis added).  Finally, he alleges, "Daryl Cargil sexual assaulted [him] on [his] 'third arrest,' charged [him] with littering and disorderly misconduct" and then "never saw Daryl Cargil again."  While the plaintiff fails to indicate the dates upon which any of those additional encounters and/or arrests occurred, it is clear that they were around the time of the 1997 incident.  Even if they were five, ten or fifteen years after the 1997 incident (highly unlikely based upon the plaintiff's continual use of the phrase soon after his release), any claim based upon those encounters would still be barred the three-year statute of limitations for a 42 U.S.C. § 1983 claim.  Accordingly, the plaintiff fails to state a claim upon which relief could be granted, as it is barred by the applicable statute of limitations.

### III.   CONCLUSION

For these reasons, the undersigned defendants respectfully request that their F.R.C.P. 12(b)(6) Motion to Dismiss the plaintiff's May 19, 2021 Amended Complaint [Doc. 24], *with prejudice*, be granted.

                              DEFENDANTS,
                              DARYL CARGIL AND
                              THE CITY OF NEW HAVEN


By /s/ Alan R. Dembiczak
   Alan R. Dembiczak
   ct25755
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1190
   (860) 249-1361
   (860) 249-7665 fax
   adembiczak@hl-law.com

## **CERTIFICATION**

      This is to certify that on **July 12, 2021**, a copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Mr. Alexander McArthur
456 Lombard Street
Unit 105
New Haven. CT  06513

Victoria M. E. Church, Esq.
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT  06510


                              /s/ Alan R. Dembiczak
                              Alan R. Dembiczak