**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALEXANDER MCARTHUR | : | NO.: 3:20-cv-00967 (SRU) |
| | : | |
| v. | : | |
| | : | |
| DARYL CARGIL, NEW HAVEN POLICE DEPARTMENT AND THE CITY OF NEW HAVEN | : | |
| | : | JULY 12, 2021 |

**NOTICE TO SELF-REPRESENTED LITIGANT CONCERNING MOTION TO DISMISS (AS REQUIRED BY LOCAL RULE 12(a))**

The purpose of this notice, which is required by the Court, is to notify you that the defendants have filed a Motion to Dismiss asking the Court to dismiss all or some of your claims without a trial. The defendants argue that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.

THE DEFENDANTS' MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANTS' MOTION SHOWS THAT THE DEFENDANTS ARE ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS. COPIES OF RELEVANT RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendants' arguments for dismissal, and (2) that the allegations of the amended complaint are sufficient to allow this case to proceed. If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your Complaint asserted by the defendants, you may promptly file a

Motion to Amend your Complaint, but you must attach your Proposed Amended Complaint to the motion.

It is very important that you read the defendants' motion and memorandum of law to see if you agree or disagree with the defendants' motion. It is also very important that you review the enclosed copies of Rule 12 of the Federal Rules and Local Rule 7 carefully. You must file your opposition papers (and any Motion to Amend) with the Clerk of the Court and mail a copy to the defendants' counsel within 21 days of the filing of the defendants' motion with the Clerk of the Court. (If you e-file under the Court's Electronic Filing Policies and Procedures, you do not need to separately mail a copy of your opposition papers to the defendants' counsel.) If you require additional time to respond to the Motion to Dismiss, you must file a Motion for Extension of Time, providing the Court with good reasons for the extension and with the amount of additional time you require.

If you are confined in a Connecticut correctional facility, you must file your opposition papers and any motion to amend using the Prisoner E-filing Program and are not required to mail copies to the defendants' counsel.

Enclosures:	Federal Rules of Civil Procedure 12
	District of Connecticut Local Rules of Civil Procedure 7

DEFENDANTS,
DARYL CARGIL AND
THE CITY OF NEW HAVEN


By /s/ Alan R. Dembiczak
   Alan R. Dembiczak
   ct25755
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1190
   (860) 249-1361
   (860) 249-7665 fax
   adembiczak@hl-law.com

## **CERTIFICATION**

     This is to certify that on **July 12, 2021**, a copy of the foregoing **Notice to Self-Represented Litigant** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Mr. Alexander McArthur
456 Lombard Street
Unit 105
New Haven. CT  06513

Victoria M. E. Church, Esq.
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT  06510


   /s/ Alan R. Dembiczak
   Alan R. Dembiczak

United States Code Annotated Currentness
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title III. Pleadings and Motions
      ➔➔ **Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 12 are displayed in two separate documents. Notes of Decisions for subdivisions I to VII are contained in this document. For Notes of Decisions for subdivisions VIII to end, see second document for 28 USCA Federal Rules of Civil Procedure Rule 12.>

**(a) Time to Serve a Responsive Pleading.**

**(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

  **(A)** A defendant must serve an answer:

    **(i)** within 21 days after being served with the summons and complaint; or

    **(ii)** if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

  **(B)** A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

  **(C)** A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

**(2)** *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

**(3)** *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

service on the officer or employee or service on the United States attorney, whichever is later.

**(4)** *Effect of a Motion.*Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

**(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

**(B)** if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.**Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

**(1)** lack of subject-matter jurisdiction;

**(2)** lack of personal jurisdiction;

**(3)** improper venue;

**(4)** insufficient process;

**(5)** insufficient service of process;

**(6)** failure to state a claim upon which relief can be granted; and

**(7)** failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.**After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.**If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for sum-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

mary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

  **(1)** on its own; or

  **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions.**

  **(1)** *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

  **(2)** *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

  **(1)** *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:

    **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or

    **(B)** failing to either:

      **(i)** make it by motion under this rule; or

      **(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

  **(2)** *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

by Rule 19(b), or to state a legal defense to a claim may be raised:

  **(A)** in any pleading allowed or ordered under Rule 7(a);

  **(B)** by a motion under Rule 12(c); or

  **(C)** at trial.

**(3)** *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

CREDIT(S)

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009.)

Amendments received to 7-15-13

Westlaw. (C) 2013 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Connecticut Federal Rules
   Rules of the United States District Court for the District of Connecticut
      Local Rules of Civil Procedure

U.S.Dist.Ct.Rules D.Conn., L.Civ.R. 7

Rule 7. Motion Procedures

Currentness

**(a) Procedures.**

1. Any motion involving disputed issues of law shall be accompanied by a written memorandum of law and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion. Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record. Notwithstanding that a request for oral argument has been made, the Judge may, in his or her discretion, deny such request. To expedite a decision or for other good cause, the Court may, on notice to all parties, rule on a motion before expiration of the 21-day period ordinarily permitted for filing opposition papers.

2. Except by permission of the Court, briefs or memoranda shall not exceed forty (40) 8 1/2# by 11# pages of double spaced standard typographical print, exclusive of pages containing a table of contents, table of statutes, rules or the like. The original of all motions or briefs shall be filed with the Clerk at the seat of Court where the Judge sits.

3. For good cause shown in the motion, a party may request expedited consideration of the motion by the Court by designating the motion as one seeking "emergency" relief.

**(b) Motions for Extensions of Time.**

1. Unless otherwise directed by a particular Judge with respect to cases on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations: (a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and (b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

3. All motions for extensions of time, whether for consideration by the Clerk or a Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite

diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same limitation. The motion may be granted ex parte notwithstanding a report of objection by opposing counsel. Opposing counsel may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of counsel as to any extension of time does not of itself extend any time limitation or provide good cause for failing to comply with a deadline established by the federal rules of civil procedure, these rules or the Court.

**(c) Motions for Reconsideration.**

1. Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

2. In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a) 1 of these Local Rules.

**(d) Reply Briefs.** Reply briefs are not required and the absence of a reply brief will not prejudice the moving party. Any reply brief must be filed within fourteen (14) days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6. A reply brief may not exceed 10 pages, must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made.

**(e) Withdrawal of Appearances.** Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

**(f) Motions to Amend Pleadings.** Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall include a statement of the moving counsel that: (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion; or (2) despite diligent effort, he or she cannot ascertain opposing counsel's position.

**Credits**
[Effective January 1, 2003. Amended January 19, 2007, effective January 1, 2007, *nunc pro tunc*. Amended effective August 1, 2007; December 1, 2009.]

U. S. Dist. Ct. Rules D. Conn., L.Civ.R. 7, CT R USDCT L.Civ.R. 7
Current with amendments received through 6/1/2013

**End of Document**

© 2013 Thomson Reuters. No claim to original U.S. Government Works.