UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>    Plaintiff,<br><br>    v.<br><br>DARYL CARGIL, et al.,<br>    Defendants. | No. 3:20-cv-967 (SRU) |

**ORDER ON MOTIONS TO DISMISS**

This action arises out of a 1997 incident in which *pro se* Plaintiff, Alexander McArthur ("McArthur"), alleges he was sexually assaulted and falsely arrested by New Haven Police Department Officer Daryl Cargil. Although the jurisdictional basis for this suit is somewhat unclear from the face of the complaint, the Court construes the complaint as alleging a cause of action under 42 U.S.C. § 1983 ("section 1983"), based on violations of (1) McArthur's Fourth Amendment right to be free of false arrest; and (2) McArthur's Fourteenth Amendment substantive due process right to bodily integrity. Defendants Daryl Cargil, New Haven Police Department ("New Haven PD"), and City of New Haven ("New Haven") move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Defendants' motions are **GRANTED**.

    **I.    STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

Because McArthur filed his complaint *pro se*, I must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (cleaned up).

## II.     FACTUAL[1] AND PROCEDURAL BACKGROUND

Sometime in 1997 or earlier, McArthur was standing on a street corner located in New Haven, Connecticut trying to locate a friend's house. Am. Compl., Doc. No. 24 at 1. While there, McArthur observed a "certified" New Haven police officer, later identified as Officer Cargil, pull over and park next to him. *Id.* at 2. McArthur walked to the right side of the police vehicle and asked for directions. *Id.* At that point, Cargil exited the vehicle and physically assaulted McArthur. *Id.* McArthur attempted to resist by telling Cargil that his actions violated the Constitution. *Id*. at 3. That statement, however, prompted Cargil to arrest McArthur for disorderly conduct and threaten to arrest McArthur every time he saw him in the future. *Id.* 2–3.

Shortly thereafter, McArthur was released. *Id.* at 3. Making good on his promise, Cargil saw McArthur walking on the street and arrested him for the second time for disorderly conduct. *Id.*

After McArthur's second release, he encountered Cargil for a third time as he was walking in New Haven. *Id.* at 4. At that point, McArthur witnessed Cargil step out of the vehicle. Cargil physically assaulted, "applied handcuffs onto [McArthur]'s wrists and sat [McArthur] in the back of his police vehicle." *Id.* at 5. Cargil drove McArthur to "a [deserted] area and … sexually assaulted [him] while his partner watched." *Id.*

After the sexual assault, Cargil issued McArthur a citation. *Id.* at 7. As Cargil was leaving "the sexual assault scene," a woman that was standing on her porch nearby yelled to Cargil that McArthur ripped up the citation and threw the ripped-up paper on the ground. *Id.* Cargil then handcuffed and arrested McArthur for littering and disorderly conduct. *Id.* 7-8. McArthur was fifteen years old at the time. *Id.*

---

[1] The following facts are drawn from the complaint and, for purposes of the instant motion, I assume them to be true.

McArthur commenced this action on July 13, 2020. Doc. No. 1. Nearly a year later, Defendants Cargil and New Haven filed a motion for a more definite statement. Doc. No. 18. I granted that motion and ordered McArthur to file an amended complaint by May 27, 2021. *See* Order, Doc. No. 19. On May 19, 2021, McArthur filed an amended complaint. Doc. No. 24. Defendant New Haven PD filed a motion to dismiss on May 25, 2021, and Defendants Cargil and New Haven filed a joint motion to dismiss on July 12, 2021. Doc. Nos. 20, 28. McArthur filed an opposition to both motions on July 22, 2022. Doc. No. 29.

### III. DISCUSSION

*Cargil and New Haven Motion to Dismiss*

Defendants Cargil and New Haven move to dismiss McArthur's complaint on the ground that it is barred by the applicable statute of limitations. Although a statute of limitations defense is not ordinarily considered on a motion to dismiss, it is appropriate if the dates in question are undisputed. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

A federal court must look to state law to determine the applicable statute of limitations in a section 1983 suit. In Connecticut, that period is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that the three-year personal-injury statute of limitations period set forth in Conn. Gen. Stat. § 52–577 is the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983). Federal law, however, controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.").

Claims for wrongful arrest accrue "at the time of detention." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (cleaned up). McArthur alleges that Cargil wrongfully arrested him three

4

times. Although the complaint is devoid of precise dates, McArthur alleges that the third arrest occurred on the same day as the sexual assault, which he alleges occurred in 1997. Logically speaking, then, the first and second arrests occurred either in 1997, or earlier. Thus, at the latest, the statute of limitations for each of these claims expired on December 31, 2000. McArthur commenced this action nearly twenty years later, placing his false arrest claims well outside the limitations period.

Likewise, a cause of action for sexual assault accrues at the time the alleged assault occurs. *See Bittner v. Wilkinson*, 19 F. App'x 310, 312 (6th Cir. 2001) (holding that plaintiff's section 1983 claim against prison officer for failure to protect from being raped by another inmate accrued at the time the rape occurred). As mentioned already, McArthur alleges that he was sexually assaulted when he was fifteen years old. The year was 1997. Absent tolling[2], claims arising out of that incident would have needed to be brought by December 31, 2000, at the latest. And they simply were not.[3]

Taken together, McArthur's claims arising out of the three alleged wrongful arrests and sexual assault must be dismissed because they are barred by the statute of limitations. Thus, Defendants Cargil and New Haven's joint motion to dismiss is **granted**. McArthur's complaint

---

[2] A statute of limitations may be subject to equitable tolling, but "only in rare and exceptional circumstances, where [there are] extraordinary circumstances [that] prevented a party from timely performing a required act," and only if "the party acted with reasonable diligence throughout the period he sought to toll." *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (cleaned up). Here, McArthur does not argue why the statute should be tolled.

[3] Connecticut has a 30–year statute of limitations for personal injuries relating to sexual abuse, including negligence claims against third parties. Conn. Gen. Stat. § 52–577d. McArthur does not argue why that longer limitations period should apply to his claims. Furthermore, in *Owens v. Okure*, a case brought under 42 U.S.C. § 1983, the Supreme Court stated that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. 235, 249–50 (1989). As noted above, in Connecticut, the applicable general or residual statute of limitations applicable to plaintiff's section 1983 claim is three years. Thus, McArthur cannot benefit from Connecticut's longer limitations period for a cause of action brought under section 1983. Under another cause of action, like a state law tort claim, however, he may be able to.

is dismissed without prejudice in the event that McArthur can provide an explanation why the statute of limitations should be tolled with respect to any of his claims.

*New Haven PD Motion to Dismiss*

A section 1983 claim contains two elements: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29–30 (2d Cir. 1996) (cleaned up).

Defendant New Haven PD correctly argues that a municipal police department is not a "person" within the meaning of section 1983. *See Reed v. Hartford Police Dep't*, No. 3:03CV2147 (SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004). New Haven PD is a police department. A municipal police department "is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Id.* It is not a person. *Id.* Because McArthur thus cannot satisfy the first element, which requires the act complained of to be "committed by a person," New Haven PD's motion to dismiss is **granted** with prejudice.

## IV. CONCLUSION

For the reasons discussed above, Defendants Cargil, New Haven, and New Haven PD's motions to dismiss are **GRANTED**. The action is **DISMISSED** without prejudice with respect to Defendants Cargil and New Haven, and **DISMISSED** with prejudice with respect to Defendant New Haven PD.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge